FILED

NOV 14 2006

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | | |
|---|---|---|
| **ALBERT LOCKRIDGE**<br>**942 N. 86th Street**<br>**East St. Louis, IL 62203**<br><br>**Plaintiff**<br><br>**v.**<br><br>**HBE CORP.**<br>**DBA ADAMS MARK HOTEL**<br>**11330 Olive Blvd.**<br>**St. Louis, MO 63141**<br><br>**Serve:**<br>**Brent L. Motchan, Officer**<br>**Defendant** | ) | **Case No.:**<br><br>**Judge:** 4 06CV01644ERW<br>**"Jury Trial Demanded"** |

**CIVIL COMPLAINT**

NOW COMES Plaintiff, Albert Lockridge, by and through undersigned counsel, for the purpose of filing this civil complaint:

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 hereafter Title VII.

**JURISDICTION**

2. This action properly lies in the United States District Court for the Eastern District of Missouri because the Defendant's headquarters are in the jurisdiction.

**PARTIES**

3. Defendant HBE Corporation (HBE) is a privately held corporation chartered under the law of the state of Delaware. HBE Corporation's corporate headquarters are located in St. Louis, Missouri.

4. Plaintiff Albert Lockridge is an ex-employee of the defendants St. Louis Hotel. HBE Corp. (Adams Mark St. Louis). On October 2, 2006 plaintiff Albert Lockridge was terminated by defendant DBA Adams Mark Hotel St. Louis

## STATEMENT OF FACTS

5. January 2003, plaintiff applied for a position in the Defendants remodeling project department, which had been advertised were selected plaintiff was told that he could not receive said position.

6. Plaintiff informed building supervisor that he wanted to be considered for the renovation project. The building supervisor informed plaintiff that any employee that took position in renovation would lose their job and benefits.

7. Plaintiff's hourly rate at the time he applied for renovation project was $12.50.

8. Plaintiff's hire date was March 12, 1998.

9. Plaintiff was trained as a wall paper hanger.

10. Adams Mark St. Louis hired new employees for the renovation project.

11. The new wall paper hangers were paid $18.00 and hour to hang wall paper.

12. The renovation project was a $10 million dollar project.

13. Plaintiff was qualified for the wall paper hangers position.

14. Plaintiff's normal job activities included hanging wall paper.

15. Plaintiff was denied the employment opportunity on the basis of his race.

16. Plaintiff was denied employment opportunity on the basis of his age.

17. Plaintiff suffered financial loss as a result.

18. September 23rd 2005 Plaintiff requested vacation days for 12/27/05 and 12/29/05.

19. October 28, 2005 Plaintiff was one of fourteen (14) Adams Mark Hotel St. Louis employees that signed a letter forwarded to David Trudnak General Manager of Adams Mark Hotel St. Louis and Tom Cole Personnel Director for Adams Mark Hotel St. Louis.

20. The letter stated in part "The men and women of the building services department would like to express our displeasure with your decision to cut our working hours while you are still hiring new employees for the renovation project. We also resent the fact that the renovation employees who were hired in at hourly rates 50% - 60% more than we presently earn are not being cut due to any financial restraints that the hotel may be facing. We were not given the first opportunity for the higher pay of the renovation department, and that certainly disturbed us and now our hours are being cut and they are working full time. THIS IS NOT FAIR."

21. November 21st 2005, plaintiff was informed he could not take a Thanksgiving day vacation because his off days were no longer Saturday and Sunday.

22. Plaintiff began employment with defendant March 12th, 1998. Plaintiff's off days from start of employment until November 21st 2005 had been Saturday and Sunday.

23. Defendant took exception to plaintiff's October 28th 2005 complaint.

24. September 22, 2006 plaintiff and building services department employees sent HBE Corp. Chairman Fred Kummer a letter outlining issues of concern in the hotel. The letter outlined six areas of concern that impacted the employees day to day task.

25. October 2, 2006 plaintiff was terminated by defendants general manager Eric Walters. Mr. Walters drafted plaintiff's termination letter. The letter begins by stating, "Your letter dated September 22, 2006 addressed to Mr. Fred Kummer has been directed to my attention." The letter farther and states, "Your ongoing discontent with Adam's Mark Hotel is

inconsistent with and is destructive of the environment of the hospitality essential to Adam's Mark Hotel's business. There is no alternative but to terminate your employment effective October 2, 2006."

**DISPARATE TREATMENT IN VIOLATION OF TITLE VII**

26. Plaintiff re-alleges the allegations of paragraphs 1 through 25, and incorporates them by reference herein.

27. Plaintiff expressed interests in promotional opportunity with defendant, but was denied access to promotions on the basis of his race.

28. Plaintiff was excluded from meetings, and denied access to normal channels of communication on the basis of his race

29. Plaintiff contends that his race and color were considered in defendants decision not to select him for promotional opportunities. Further plaintiff contends his race and color were considered when defendant denied plaintiff access to normal channels of communication.

30. As a direct result of defendants discriminatory practices, plaintiff has suffered loss of appetite, insomnia, emotional distress and anxiety. Further, plaintiff has sustained economic and non-economic damages.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**

31. Plaintiff re-alleges the allegations of Paragraph 1 - 30 and incorporates them by reference herein.

32. Plaintiff engaged in protected activity when he complained in good faith to defendant regarding discriminatory treatment based upon his race and color.

33. Plaintiff avers there was a causal link between the protected activity and the adverse activity, namely, denial of promotions, and access to normal channels of communication.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief, namely:

(I) That this court determine the employment practices complained of in the complaint are unlawful in that they violate Title VII of the Civil Rights Act of 1964.

(II) That defendant be enjoined from continuing any and all discriminatory practices.

(III) That defendant pay plaintiff a sum in excess of $1,000,000.00 for compensatory damages, back pay, punitive damages and interest.

(IV) That defendant pay plaintiff's costs and expenses and reasonable attorney's fees with this action.

(V) That defendant reinstate plaintiff with all rights and;

(VI) That this court grant other and such further relief to the plaintiff as it deems just and proper.

Respectfully Submitted On Behalf Of Plaintiff

Larry S. Fields #516545
1000 St. Louis Union Station
Suite 101
St. Louis, Missouri 63103
(314) 721-4040
(314) 721-6045 facsimile