UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT LOCKRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01644 ERW |
| | ) | |
| HBE CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Seven Seventeen HB St. Louis Redevelopment

Corporation's ("Defendant") Motion for Bill of Costs [doc. #44]. Albert Lockridge ("Plaintiff")

has filed objections to Defendant's Bill of Costs. In the Motion for Bill of Costs, Defendant

requests that the Court tax costs against Plaintiff, pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P.

54(d), and 42 U.S.C. §§ 2000e-5(k). "[C]osts other than attorney's fees shall be allowed as of

course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). In a

Memorandum and Order dated February 29, 2008, the Court granted Defendant's Motion for

Summary Judgment and dismissed all of Plaintiff's claims. Defendant is therefore a prevailing

party. Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

28 U.S.C. § 1920.  The Court may not award costs that are not authorized by § 1920 because this statute "imposes 'rigid controls on cost-shifting in federal courts.'"  *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted); *168th and Dodge, LP v. Rave Review Cinemas, LLC*, 501 F.3d 945, 957 (8th Cir. 2007).  Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Plaintiff requests the following costs: (1) $3,825.15 for fees of the court reporter, (2) $745.20 for exemplification and copies of papers,[1] and (3) $681.22 for postage, long distance phone calls and research expenses.  Plaintiff objects to some of the costs sought by the Defendant.

## I.    FEES OF THE COURT REPORTER

Defendant seeks $3,825.15 for fees of the court reporter.  The Court initially notes that some expenses must be subtracted from the transcript charges Defendant seeks.  28 U.S.C. § 1920 does not authorize taxing postage and delivery expenses.  A review of the invoices submitted to the Court demonstrates that Defendant is seeking $97.00 in postage and delivery fees, and this amount is deducted.  *See Smith v. Tenent Healthsystem SL, Inc.*, 436 F.3d 879, 890 (8th Cir. 2006); *Gronefeld v. City of Normandy*, 2007 WL 2002171, *1 (E.D. Mo. 2007).

Plaintiff contends that Defendant may not recover fees for expert witnesses, and challenges the deposition costs for Dr. Grossman and Reverend Nicholson on that basis. The Court notes that while witness fees are limited by statute, this does not restrict the costs associated with the actual deposition of the expert witness.  *See* 18 U.S.C. § 1821; *Glastetter v.*

---

[1] Defendant listed this sum on the line for "[f]ees for witnesses," however, the Court's review of the supporting documentation indicates that Defendant seeks to recover this sum for copies.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Sandoz Pharmaceuticals Corp.*, 2000 WL 34017154, *1 (E.D. Mo. October 3, 2000).

Accordingly, Plaintiff's argument that these deposition costs should be denied merely because the witnesses were expert witnesses must fail.

Additionally, Plaintiff objects to several of the court reporter fees Defendant seeks. Plaintiff asserts that the fees for Reverend Nicholson's deposition are unreasonable, that the seven hour deposition of Plaintiff was unduly prolonged and redundant, and that the costs for David Reyes' deposition are unreasonable and elevated as the deposition occurred on Christmas Eve. For costs to be awarded, a deposition may not be "taken solely for the purpose of investigation or simply for an attorney's convenience." *Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1134 (E.D. Mo. 1998). Instead, "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.*

This argument fails as Plaintiff has not shown that these depositions were purely investigative, were obtained for reasons other than use in the case, or that these costs were unnecessarily incurred. *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995). Plaintiff has failed to present any evidence that questions asked were redundant, that Plaintiff had no role in scheduling David Reyes' deposition for Christmas Eve, or that the fees associated with Reverend Nicholson's deposition are unreasonable. A plaintiff's "bald assertions" are not sufficient "to make a showing that the depositions were not necessary or reasonable." *Daniels v. Federal Reserve Bank of Chicago*, 2007 WL 772929, *2 (N.D. Ill. March 7, 2007).

Finally, Plaintiff contends that the costs sought for the depositions of Fred Kummers, Eric Walters and David Reyes should be denied as Defendant could have provided affidavits from these individuals for the purpose of their summary judgment motion. This argument also fails. It

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

was Plaintiff, and not Defendant, who sought and took the depositions of these individuals, and Plaintiff cannot now claim that these depositions were unnecessary. The Clerk of Court will tax $3,728.15 against Plaintiff and for Defendant for the fees of the court reporter.

## II.    COSTS FOR EXEMPLIFICATION AND COPIES OF PAPERS

Defendant requests $745.20 in costs for exemplification and copies of papers it contends were necessarily obtained for use in this case. Generally, under 28 U.S.C. § 1920, fees for exemplification and copies of papers may be taxed if "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Some courts have determined that the phrase "for use in the case" refers to materials "prepared for use in presenting evidence to the court," *McIlveen v. Stone Cont. Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990), while others have determined that the copies actually need not be admitted into evidence. *See Andrews v. Suzuki Motor Co., Ltd.*, 161 F.R.D. 383, 386 (S.D. Ind. 1995) ("only costs associated with extravagant, useless, or obviously unnecessary copies" are not taxable).

A party may not recover photocopy costs incurred for the convenience of counsel, including those incurred in serving pleadings or motions on opposing counsel, producing documents in discovery, or copying research material. *Emmenegger*, 33 F. Supp.2d at 1133. *See also Home Builders Ass'n of Miss. v. City of Madison*, 191 F.R.D. 515, 519-20 (S.D. Miss. 1999) (refusing to tax costs for photocopies related to convenience, preparation, research, or records of counsel). To recover for costs associated with photocopying, it is incumbent on the

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prevailing party to demonstrate at least what the documents were and what use was made of the documents. *See Home Builders Ass'n of Miss.*, 191 F.R.D. at 519-20.

> Defendant's affidavit vaguely states the use that was made of the copied documents:

> [t]he purposes for obtaining the deposition transcripts and copies thereof, along with general document copying, were all necessary to be used in this case, to prepare Defendant's Motion for Summary Judgment, which ultimately disposed of this matter; to rebut Plaintiff's anticipated arguments; to anticipate impeachment attempts; and to prepare for the introduction of testimony into evidence.

Even assuming that this vague statement is sufficient to show the use that was made of the copied documents, Defendant has failed to provide the Court with any information stating what documents were copied. Defendant's itemization merely states "internal copying" or "internal color copying" along with the number of pages copied. Without this information, the Court cannot order these copying expenses to be taxed as costs. *See Emmengger*, 33 F. Supp.2d at 1134 ("Because plaintiffs have failed to segregate their properly taxable photocopying costs, none of the photocopying charges that they claim will be taxed as costs."). The Court declines to award Defendant the $745.20 sought in costs for exemplification and copies of papers.

## II.    POSTAGE, LONG DISTANCE PHONE CALLS AND RESEARCH EXPENSES

Finally, the Court will not allow Defendant to recover $681.22 for postage, long distance phone calls and research expenses because 28 U.S.C. § 1920 does not include the recovery of these costs in its list of recoverable costs. *See Smith*, 436 F.3d at 889 (cannot recover postage costs); *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993) (cannot recover costs for computerized research); *Johnson v. Clovis Unified School Dist.*, 2007 WL 3125094 (E.D. Cal. October 24, 2007) (telephone calls are not taxable costs). Only those costs that are listed in 28 U.S.C. § 1920 may be recovered, and accordingly, Defendants are not entitled to costs for these expenses. *See 168th and Dodge, LP*, 501 F.3d at 957.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Bill of Costs [doc. #44] is

**GRANTED**, **in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax $3,728.15 against

Plaintiff and in favor of Defendant, constituting fees of the court reporter.

Dated this 8th day of May, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com